## Case No. 8,211.

### LEGGETT v. STEELE.

[4 Wash. C. C. 305.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1822.

DOWER — LAND ALIENATED — IMPROVED BY PURCHASER—FROM WHAT PART DOWER ASSIGNED.

1. In a bill for dower, against the purchaser from the husband, the dower is to be laid off by metes and bounds, in some part of the land which has not been improved by the purchaser, if this can be conveniently done; and if this cannot be done, then it is to be assigned out of the whole, according to the value thereof at the time it was aliened to the husband.

2. Quaere, if the widow is entitled to rents and profits, damages and costs; and from what time, if at all.

This was a bill for dower in two tracts of land, which had been sold and conveyed by the husband on the 28th of October, 1776, to P. Marchinton, who conveyed the same to General Humpton, under whom the defendant claims, and for rents and profits since the institution of this suit. The answer admits the right of the plaintiff to dower in one of the tracts of land, but insists that considerable improvements have been placed upon the land by the defendant, and by General Humpton under whom he claims. Under a former order of the court, since the institution of this suit, the master was directed to report the value of the rents and profits of the tract of land in which the right of dower is admitted, excluding the improvements made upon the land by the defendant, and those under whom he claims, and also including them; who reported, that the rents and profits in the former instance were of the value of $60 a year, and in the latter $300. The cause now came on upon this report, which was not excepted to, for a final hearing.

Gibson, for defendant, admitted the right of dower of the plaintiff in one of the tracts of land, but insisted that she must take it according to the value, exclusive of improvements; and that, as it would be difficult, if not impossible, to allot it by metes and bounds, the defendant ought to be merely decreed to pay to the plaintiff an annuity of one third of the value of the rents and profits, exclusive of the improvements. He further insisted, that the plaintiff was not entitled to a decree for damages, or for rents and profits, prior to the decree, or to costs. He cited 15 Ves. 543, 545, 552; 1 Taunt. 402.

Rawle, for plaintiff, insisted, that the widow was entitled to dower according to the present value of the land, although he admitted she was not entitled to estimate the value according to the improvements made upon the land by the alienee of the husband, and those claiming under him. 5 Serg. &

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

R. 289. He also insisted, that she was entitled to rents and profits from the time this suit was brought; and was also entitled to have her dower laid off by metes and bounds.

WASHINGTON, Circuit Justice. This cause came on, the 21st day of October, in the year 1822, to be heard upon the bill, answer, replication, depositions and exhibits, and the report of the master of the 23d of March, 1822, to which no exception has been filed, and was argued by counsel, whereupon the court being of opinion that the plaintiff is entitled to dower in the tract of land containing four hundred and thirty-two acres and three quarters, in the bill and answer mentioned, and to have the same laid off to her by metes and bounds, in such parts of the said tract as shall exclude the improvements made upon the said tract by the defendant, and by General Humpton under whom he claims; provided the same can be conveniently done; and if it can not, then to have it assigned to her by metes and bounds out of the whole tract, according to the value thereof at the time it was aliened by the husband of the plaintiff; it is therefore decreed and ordered, that the marshal of this district do lay off and allot to the plaintiff, by metes and bounds, one third part of the tract of land containing four hundred and thirty-two acres and three quarters, situate in the township of West Bradford, in Chester county, in this state, in such parts of the said tract as shall exclude the improvements made upon the said tract by the defendant, and by the said Humpton under whom he claims, provided the same can be conveniently done, and if it can not, then that he assign to her by metes and bounds, one third part of the said tract of land, including the improvements, but according to the value thereof on the 28th day of October in the year 1776, when the said land was sold and conveyed by the husband of the plaintiff to P. Marchinton.

And it appearing by the report of the master, that the rents and profits of the said tract of land, estimating the same without regard to the said improvements, would be one fifth less in value than what they really are in consequence of said improvements, it is further decreed and ordered, that the same proportion be observed in allotting the dower of the plaintiff, in case the same should be so laid off as to include the said improvements. And it is further decreed and ordered, that the said marshal do employ, if necessary, a fit person to survey and lay off her dower to the plaintiff as aforesaid; and that he make report to this court, at its next session, of his proceedings herein, in order to a final decree; and the court reserves till then, the questions of damages, rents and profits since the institution of this suit, and costs.

At a subsequent day of the term, Rawle mentioned the subject of damages (the plaintiff having died since the hearing), and cited

2 Saund. 45, note 4, also Jenk. 45, in which it is laid down expressly, that if the husband alien in his life time, the widow may recover damages from the time of her demand of dower, but not from any prior time. He also stated, upon the authority of letters from eminent counsel in New Jersey and Maryland, that such had been the course of the decisions in those states, except that, in the latter state, they are allowed from the time of the bill filed. He cited also 2 Brown, C. C. 620. As to costs, they follow damages.

The counsel compromised, upon the ground of the defendant paying one third of the rents and profits (as estimated by the master) of the land, in its unimproved state, from the time the bill was filed; but without costs.